District of Oregon

Corresponds to AO 243

Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255

(Rev. 7/17)

FILED 9 MAR '26 10:15 USDC-ORP

Page 2 of 13

## MOTION UNDER 28 U.S.C. § 2255

## TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Oregon | |
|---|---|---|
| Name *(under which you were convicted):* Joshua Blaine Munsey | | Docket or Case No.: 3:23-CR-00366-AB-1 |
| Place of Confinement: ~~BB~~ Sheridan Oregon P.O. box 5000 Sheridan, OR 97378 | | Prisoner (SID) No.: 82141-065 |
| UNITED STATES OF AMERICA V. | | Movant *(include name under which convicted)* Joshua Blaine Munsey |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   US District Court - Oregon
   1000 S.W. 3rd Ave Suite 740
   Portland OR 97204

   (b) Criminal docket or case number (if known): 3:23-CR-00366-AB

2. (a) Date of the judgment of conviction (if known): 3-12-25

   (b) Date of sentencing: 3-4-25

3. Length of sentence: 75 months / 12 months for SRV 63 months for 26:5861

4. Nature of crime (all counts): 26:5861 (D) Possession of Unregistered Firearms [3 Firearm silencers]

   _____

   _____

   _____

   _____

5. (a) What was your plea? (Check one)

   (1) Not Guilty ☐        (2) Guilty ☑        (3) Nolo Contendere (No Contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge Only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☑

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                    Page 3 of 13

9.   If you did appeal, answer the following:

(a)  Name of court: _____

(b)  Docket or case number (if known): _____

(c)  Result: _____

(d)  Date of result (if known): _____

(e)  Citation to the case (if known): _____

(f)  Grounds raised: _____

_____

_____

_____

_____

(g)  Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐

If "Yes," answer the following:

(1)  Docket or case number (if known): _____

(2)  Result: _____

_____

(3)  Date of result (if known): _____

(4)  Citation to the case (if known): _____

(5)  Grounds raised: _____

_____

_____

_____

_____

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of court: _____

(2)  Docket or case number (if known): _____

(3)  Date of filing (if known): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                              Page 4 of 13

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7)  Result: _____

(8)  Date of result (if known): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket or case number (if known): _____

(3)  Date of filing (if known): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7)  Result: _____

(8)  Date of result (if known): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:      Yes ☐     No ☑

(2)  Second petition:   Yes ☐     No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                    Page 5 of 13

GROUND ONE: See E 1 and E 2

(a)  Supporting facts for Ground One: (Do not argue or cite law; only state the specific facts that support your claim.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Direct Appeal of Ground One:

  (1)  If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐      No ☐
  (2)  If you did not raise this issue in your direct appeal, explain why: It is my understanding
IAC claims Do not require this

(c)  Post-Conviction Proceedings:

  (1)  Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐      No ☑

  (2)  If your answer to Question (c)(1) is "Yes," give the following information:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed:

  _____

  Docket or case number (if known): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

  _____

  (3)  Did you receive a hearing on your motion, petition, or application?
       Yes ☐      No ☐
  (4)  Did you appeal from the denial of your motion, petition, or application?
       Yes ☐      No ☐
  (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐      No ☐

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                                  Page 6 of 13

(6)  If your answer to Question (c)(4) is "Yes:"

Name and location of the court where the appeal was filed:

_____

Docket or case number (if known):    _____

Date of the court's decision:    _____

Result (attach a copy of the court's opinion or order, if available):    _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:  _____

_____

_____

_____

_____

GROUND TWO: _See E 2 and 3_____

_____

(a)  Supporting facts for Ground Two: (Do not argue or cite law; only state the specific facts that support your claim.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:    _____

_____

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)

(2)   If your answer to Question (c)(1) is "Yes:"

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if known): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

        Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

        Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes:"

Name and location of the court where the appeal was filed:

_____

Docket or case number (if known): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: See E 4 and 5 attached to the back behind page 13 before exhibits

(a)  Supporting facts for Ground Three: (Do not argue or cite law; only state the specific facts that support your claim.)

_____

_____

_____

_____

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐     No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐     No ☐

   (2)  If your answer to Question (c)(1) is "Yes:"

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if known): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3)  Did you receive a hearing on your motion, petition, or application?

      Yes ☐     No ☑

   (4)  Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☐

   (6)  If your answer to Question (c)(4) is "Yes:"

Name and location of the court where the appeal was filed: _____

Docket or case number (if known): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                  Page 9 of 13

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

_____

_____

_____

_____

**GROUND FOUR:** _____

(a)  Supporting facts for Ground Four: (Do not argue or cite law; only state the specific facts that support your claim.)

_____

_____

_____

_____

_____

_____

_____

**(b)  Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

_____

**(c)  Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)  If your answer to Question (c)(1) is "Yes,"

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if known): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                                    Page 10 of 13

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes:"

Name and location of the court where the appeal was filed:

_____

Docket or case number (if known): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13.  Is there any ground in this motion that you have not previously presented in some federal court? If so, state which ground or grounds have not been presented, and your reasons for not presenting them: This is an inneffective assistance of counsel claim

_____

_____

_____

_____

_____

14.  Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                    Page 11 of 13

15. ' Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

_Claise Daniels_

(b) At the arraignment and plea:

_Clase Daniels_

(c) ~~At the trial.~~ Change of plea

_Megha Desai_

(d) At sentencing:

_Gabriel Biello_

(e) On appeal:

_____

(f) In any post-conviction proceeding:

_____

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☒        No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐        No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                     Page 12 of 13

Filed before the one year expiration deadline

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

District of Oregon
Corresponds to AO 243
Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Under 28 U.S.C. § 2255
(Rev. 7/17)                                                                                    Page 13 of 13

Therefore, movant asks that the Court grant the following relief: re-offer the first 51 month offer or issue counsel to help me understand and write this motion if this is not correct

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  03-03- 2026 .
(month, date, year)

Executed (signed) on  03- 03 - 2026              (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

_____

Clais Daniels-Edwards, NYSB No. 6069900
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: clais_daniels-edwards@fd.org

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-cr-000366-HZ-1 |
| Plaintiff, | MOTION TO DISMISS |
| v. | |
| JOSHUA BLAINE MUNSEY, | |
| Defendant. | |

Pursuant to the Second Amendment to the United States Constitution and *United States v. Durate*, Joshua Munsey, through his attorney, respectfully moves for an order dismissing County 1 of the Indictment because it alleges violations of 18 U.S.C. § 922(g)(1) which is unconstitutional as applied to Mr. Munsey. Because the application of the law is unconstitutional as applied to Mr. Munsey, this indictment should be dismissed as this Court does not retain jurisdiction to adjudicate this case.

### I.    Procedural Background

On September 6, 2023, Joshua Munsey was at home when his U.S. Probation Officer, John Suhocki, arrived at the house to perform a home visit. During the visit, Officer Suhocki observed what appeared to be a handgun in the couch, near where Mr. Munsey was seated. Mr.

Suhocki called local police officers who arrived shortly, performed a search of the house during which two firearms in total were found, and arrested Mr. Munsey for Felon in Possession of a Firearm.

On November 7, 2023, the Grand Jury returned a single-count indictment against Mr. Munsey in which he is charged with one count of Felon in Possession of a firearm in violation of 18 U.S. C. § 922(g)(1). On January 5, 2024, a detention hearing was held before the Honorable Judge Armistead, where Mr. Munsey was detained on the basis that the defense could not meet their burden to demonstrate by a clear and convincing evidentiary standard that if released on the pending supervised release violation, that Mr. Munsey would not pose a flight risk, would not commit a new crime and that there was no serious risk that he would obstruct justice if released from custody. At this hearing, Judge Armistead did note, however, that on the single-count indictment alone, the government could not meet their burden to require Mr. Munsey's continued detention. On May 9, 2024, the Ninth Circuit Court of Appeals decided United States v. Duarte, in which they held a that the prohibition of possession of a firearm is unconstitutional as applied to Duarte, a person whose prior felonies are non-violent in nature. Mr. Munsey procedurally stands in the same posture as Mr. Duarte -- an individual who is "persons" pursuant to the second amendment whose only felony convictions are of a non-violent nature. On June 11, 2024, the government obtained a superseding jurisdiction in which they additionally charged Mr. Munsey with a possession of unregistered firearms, specifically 3 silencers.

II.    Mr. Munsey Possessing a Firearm and Silencer are Not Inconsistent with This Nation's Historical Tradition

*Duarte* applies a two-step test as outlined in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). 101 F.4th at 662. At step one, the Court must determine if the conduct is covered by the Second Amendment. *Id.* Then, at step two, the government has the burden to "prove that it

is consistent with this Nation's historical tradition of firearm regulation for Congress" to permanently ban an offender like defendant "from possessing a firearm even after he has already served his terms of incarceration." *Id.* at 677.

    a. People with prior felony convictions are among "the people" under the second amendment

Mr. Bella is within the definition of "The People" described in the Second Amendment. The threshold question in step one of the *Bruen* test is "whether the Second Amendment's plain text covers' (1) the individual, (2) the type of arm, and (3) the 'proposed course of conduct' that are at issue." *Duarte*, 101 F.4th at 670-71 (quoting *Bruen*, 597 U.S. at 19, 31-32). There is no dispute where the charge is simple possession of ammunition, the type of arm and the proposed course of conduct are covered by the Second Amendment. Courts have held that the possession of ammunition is covered within the Second Amendment as "without bullets, the right to bear arms is meaningless." *Heller*, 554 U.S. at 632; *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677–78 (9th Cir. 2017) (internal citations omitted). As to whether the defendant "is among 'The People' to whom the Second Amendment right belongs," the Ninth Circuit held that a defendant's status as a prior convicted felon did not render him unprotected by the Second Amendment. *Id.* at 671 (citing *Dist. of Columbia v. Heller*, 554 U.S. 570, 580-81 (2008)). The defendant "is one of 'the people' because [he] is an American citizen." *Duarte*, 101 F.4th at 671; *see also id.* ("'[T]he people' included, at a minimum, all American citizens—without qualification.").

    b. None of Mr. Munsey's convictions would have historically barred him from possessing a firearm

The Second Amendment's plain text covers the Mr. Munsey's conduct and the Constitution presumptively protects that conduct. For the government to be successful in rebutting that presumption, *Bruen* requires the government establish that § 922(g)(1) "is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 34. "Because

bans on convicts possessing firearms were unknown in the United States before World War I, the Government must identify for [the Court] a well-established and representative historical *analogue* to § 922(g)(1) that can justify the law's application" to defendant. *Duarte*, 101 F.4th at 677 (quotations and citations omitted). "[T]he fact that the Founding generation *had no laws* limiting gun possession by people convicted of crimes… while not fatal to the Government's case—means that the lack of a… historical regulation that is distinctly similar to § 922(g)(1) is strong if not conclusive evidence that the law is inconsistent with the Second Amendment." *Id.* (quotations and citations omitted).

In this case, the government cannot prove that there is a well-established and representative historical *analogue* to § 922(g)(1). To support the § 922(g)(1) charge, the indictment cites to Mr. Munsey's 2021 Felon in Possession of a Firearm conviction, in violation of 18 U.S.C. § 922(g)(1), and a 2013 Identity Theft and Mail Theft or Receipt of Stolen Mail conviction, in violation of Oregon Revised Statutes (ORS) 165.800 and 164.162. The prior felon in possession of a weapon conviction is not relevant to the Court's analysis because while already convicted of this felony, as Mr. Munsey's felony priors are all non-violent in nature, and Mr. Munsey is in the process of filing a habeas petition to have this conviction vacated. The 2013 Identity and Mail Theft conviction while relevant for a determination that Mr. Munsey was a felon at the time he possessed the weapon, is a non-violent felony for which the government cannot demonstrate a historical analogue that would have required Mr. Munsey's to be barred from possessing a weapon.

While it is the government's burden to prove a historical analog, the sources of criminal law in the Early Republic cited in *Duarte* suggest that the convictions that would bar a person from possessing a weapon were a narrow subset of offenses generally punished with death, life

imprisonment, or total estate forfeiture. 101 F.4th at 680-683 n. 10-11; *see also* Exhibit 2,

historical statutes for Pennsylvania and Connecticut. Mr. Munsey has not been convicted of

violating any statute for which this would be the remedy. Consequently, the Court must dismiss

this Count of the Indictment.

Munsey, Plea Agreement Letter
March 20, 2024
Page 3

8.    **Advisory Guideline Calculation**: The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1:

| | | | |
|---|---|---|---|
| (1) USSG § 2K2.1(a)(6) | - Base Offense Level | 14 |
| (2) USSG § 2K2.1(b)(1)(A) | - 3–7 Firearms | +2 |
| (3) USSG § 2K2.1(b)(4) | - Stolen Firearm | +2 |
| (4) USSG § 3E1.1 | - Acceptance | - 3 |
| | | = 15 |

9.    **JOINT Sentencing Recommendation**:  If defendant agrees to resolve his case prior to the April 19, 2024, deadline, and demonstrates an acceptance of responsibility as described above, the parties will recommend jointly, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), a sentence of 41 months, to be followed by three years of supervised release, and a $100 fee assessment.  In the SRV matter, the parties will recommend a fully consecutive 10-month SRV sanction in Case No. 3:19-cr-00501-HZ, with no reimposition of supervision. **This will result in a total federal sentence of 51 months.**

10.   **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the jointly recommended sentence, or to seek a sentence in excess of that recommendation, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the jointly recommended sentence or to seek a sentence below that recommendation.

11.   **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing.

12.   **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the recommendations of the parties.



*Exhibit C*
*1 of 1*

Munsey, Plea Agreement Letter
December 12, 2024
Page 3

The defendant called his girlfriend from jail several times the night of his arrest. They discussed the Derringer handgun sitting on the table, the recovery of two firearms, and the defendant asked her to secure his property. During one call, the defendant asked his girlfriend if the "muffler" was still on a black cabinet in the residence. During their conversation he referred to it as the "little muffler" and the "carbon fiber muffler." A "muffler" is known to law enforcement to be a term used for firearm silencers, or devices used for silencing, muffling, or diminishing the report of a portable firearm. The third firearm silencer's appearance is consistent with being a "little muffler" and a "carbon fiber muffler," and was recovered with the other firearm silencers in the bag in the defendant's bedroom.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any crime, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.    **Advisory Guideline Calculation**: The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 2:

| | | |
|---|---|---|
| (1) USSG § 2K2.1(a)(4)(B) | - Base Offense Level | 20 |
| (2) USSG § 2K2.1(b)(1)(A) | - 3–7 Firearms | +2 |
| (3) USSG § 2K2.1(b)(4)(A) | - Stolen Firearm | +2 |
| (4) USSG § 3E1.1 | - Acceptance | - 3 |
| | | = 21 |

9.    **JOINT Sentencing Recommendation**: If defendant agrees to resolve his case and demonstrates an acceptance of responsibility as described above, the parties jointly will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), the following:

    * In the SRV matter, Case No. 3:19-cr-00501-HZ, a 24-month revocation term of imprisonment, 12 months of which is to be served consecutively to the 63-month sentence in the new case, with no reimposition of supervision.

    *In the new case, Case No. 3:23-cr-00366-AB, a 63-month sentence, followed by three years of supervised release and a $100 fee assessment, with the 63 months' imprisonment to be served consecutively to the SRV sanction, **resulting in a total jointly recommended sentence of 75 months of imprisonment and three years of supervised release.**

PORTLAND OR RPDC 972

30 JAN 2026 PM 5 L

$0.74 0
US POSTAGE IMI
FIRST-CLASS
063S0009723683
FROM 97124



Gabriel Biello, Attorney at Law
249 NE Lincoln St.
Hillsboro, OR 97124

Joshua Munsey, Reg No. 82141-065
FCI Sheridan
PO Box 5000
Sheridan, OR 97378

Attorney/Client Mail

97378-500000

Exhibit D
2 of 2



From: **Bolstad, Leah (USAOR)** Leah.Bolstad@usdoj.gov
Subject: Re: turning to my question on paragraph 4
Date: December 11, 2024 at 5:29 PM
To: Megha Desai Megha_Desai@fd.org

Megha,
I knew it had a reason.  From Bender's case transfer notes and my recollection from supervising this larger topic (James strand stolen book collection) -

> a. Weird wrinkle—the plea does not include the usual language that we agree to forego all other charges. I had told Clais we would only do that if he proffered on the James Strand book theft case with FBI/SIU. Seems to be a non-issue all around at this point.

dude did not proffer.

I think it is unlikely he would ever be prosecuted but there is a slim possibility.  it's basically a lot of unsavory criminals who stole very valuable books and tried to profit from selling them.  We cared more about recovering the collection from near and far. Munsey apparently did not wish to help on that.

So, I'm not going to change that plea term now.  It's been discussed by our predecessors.

Leah K. Bolstad
Assistant U.S. Attorney
(503) 727-1125, desk

---

From: Megha Desai <Megha_Desai@fd.org>
Sent: Wednesday, December 11, 2024 5:07:28 PM
To: Bolstad, Leah (USAOR) <LBolstad@usa.doj.gov>
Subject: [EXTERNAL] RE: turning to my question on paragraph 4

Thank you.

From: Bolstad, Leah (USAOR) <Leah.Bolstad@usdoj.gov>
Sent: Wednesday, December 11, 2024 5:05 PM
To: Megha Desai <Megha_Desai@fd.org>
Subject: Re: turning to my question on paragraph 4

I believe it was deliberate.... This guy knows we were also investigating him for stolen book situation. Lemme call the agent and ask about this.

Leah K. Bolstad
Assistant U.S. Attorney
(503) 727-1125, desk

---

From: Megha Desai <Megha_Desai@fd.org>
Sent: Wednesday, December 11, 2024 5:04:39 PM
To: Bolstad, Leah (USAOR) <LBolstad@usa.doj.gov>
Subject: [EXTERNAL] turning to my question on paragraph 4

Hey Leah,

Just making sure it wasn't missed- I'm not seeing the usual language in paragraph 4 regarding no

Ineffective assistance of counsel during plea negotiations and case assessment (affirmative misadvise on firearm and firearm silencer charges)

**CLAIM**

Counsel, Claise Daniels, rendered ineffective assistance by providing affirmative misadvise about the governing law and the strength of the charges. During plea negotiations after the first written offer of 51 months and before the superseding indictment, counsel informed me that a conviction under U.S.C. 922(g)(1) would be difficult because my prior felonies were non-violent and she referenced me to United States v. Duarte. Counsel further advised that something that she called the Chevron Doctrine had overturned the laws governing firearm silencers, making my possession lawful. These statements were inaccurate and unreasonable and fell below prevailing professional norms.

**SUPPORTING FACTS**

-During the time we were negotiating the terms of the first plea offer of 51months Claise advised that my status as a non-violent felon was enough to get the U.S.C. 922(g)(1) dismissed. (See exhibit A)  MOTION TO DISMISS

-During the first meeting at Sheridan Claise Daniels advised that what she referred to as the Chevron Doctrine had effectively invalidated silencer regulations, indicating that my possession was lawful and the government would face legal issues if they sought to charge me with the silencers. How i understood this is that there were no laws baring me from possession of firearm silencers. The AUSA later filed a superseding indictment charging me with the silencers and adding points for the guns. The first plea offer I was charged with the guns and points were added for the silencers, the superseding indictment almost doubled the base level points. (See exhibit B and C for the base level points of the 51month offer and the superseding offer.)

-As i understood it, Claise was waiting on a response from the AUSA to see if the government would allow us to argue for concurrent 10 months on the S.R.V. during sentencing before signing the 51 month offer and before there was a response or any communication from the government the Duarte case was decided and became a factor in my case and i was arraigned on the superseding indictment.

-I relied on counsels assurances in deciding how to proceed, including whether to contest the charges, accept the 51month offer or negotiate a better plea. Her choice was not a strategic choice among reasonable options; it was incorrect law that materially affected my decisions.

-Had i been correctly advised about the law and my actual exposure, there is a reasonable probability i would have made different decisions and obtained a more favorable outcome. This includes a more favorable plea, a different negotiation posture, or accepting the 51month offer based on accurate assessments, leading to a lower sentence than the one imposed.

**GROUND TWO**

Claise Daniels failed to fully convey the terms of the 51month offer, including the date and time that this offer would or could expire, and the unreasonable delay that lead to the loss of the more favorable 51month plea agreement.

**SUPPORTING FACTS**

-Counsel failed to fully inform me of the initial offer, specifically the time that this offer would expire.

-In the attorney client room the first time i became aware that there was an offer, Claise said in her opinion 51 months was not much of an offer leading me to believe we could reach a more favorable resolution.

-During a meeting at the courthouse before a status hearing Claise explained that she expected that she would get me a better offer, one she hoped would be in the 30-36month guideline range, based on her experience with another client that was in a similar situation as mine with a similar history.

-Due to counsels missed deadlines, delay and lack of urgency, a superseding indictment was filed before accepting the first offer expanding charges and increasing exposure.

-Counsel repeatedly told me she was waiting on the government to respond so we could proceed with the 51month offer, had counsel advised me about any deadlines or possible superseding charges i would have made different choices.

-The government switched the prosecutor a couple times before Leah Bolstad stepped in to finish the case. There was no clear communication between my lawyer and the AUSA. I recall Claise reporting to me that the prosecutor assigned to my case had to run any question or negotiation through their boss which just complicated things further leaving me exposed and without adequate defense. I asked Claise to reach out directly via telephone so we could get answers on multiple occasions during our phone conversations before the superseding indictment.

-I called almost every week and most weeks multiple times unable to reach Claise and i talked to Jim Strupp a dozen or more times during this stage seeking answers or to check notes in my file and leave messages for Claise.

-At one point I let Jim know about my concerns regarding the lack of communication from Claise and I believe he made notes in my file at that time.

-I asked for a copy of my file from Megha Desai when she informed me that i was being issued new counsel to help me withdraw my plea, I never received my file.

-I asked Gabriel Biello for a copy of my file and any other information that would help me file a 2255 Ineffective assistance

of counsel motion on 03/04/25 after sentencing while at the courthouse, I never received anything other than my judgement which was taken from me during my first team meeting by Ms. Baker. Ms. Baker said that it is Sheridan policy that we not be in possession of our court records.

-I called many times during the pre-trial plea stage of my case unable to reach Claise when the deadlines she set came and went without action. I would call and talk to Jim Strupp, a private investigator with the federal public defenders office because Claise would not take my calls for weeks at a time.

-My mom Cathy Munsey started calling February 2nd, 2024 following that up with more than a dozen unanswered calls, Claise was never available. Jim Strupp talked to mom on march 4th.

**PREJUDICE**

-Had counsel provided correct advice about the legal effect of a superseding indictment and exercised reasonable diligence to communicate and secure the favorable plea terms before they expired, i would have accepted those terms. There is a reasonable probability the plea would have been entered and accepted, resulting in a substantially lower sentence than the one imposed after the superseding indictment.

-Counsels errors undermined the integrity of plea bargaining by depriving me of timely, material information needed to make an informed decision.

-Had my attorney, Claise Daniels, been more forthcoming and communicative between myself and the prosecution my case would have been negotiated and resolved within the terms of the first 51month offer. (Exhibit B 51 month offer base level points).

-Had my attorney, Claise Daniels, timely communicated to me or to the prosecution facts or information concerning my case we could have resolved my case long before Duarte was recognized as being relevant to me as a non-violent felon.

Ineffective assistance of counsel - failure to advise about cooperation and proffer, and withholding material information.

**CLAIM**

Claise Daniels rendered ineffective assistance during the plea and pretrial stages by: (a) failing to explain cooperation or what a proffer is, and failing to pursue a proffer opportunity; and (b) misleading me about what mattered to the prosecution while withholding material information about the governments position regarding my lack of proffer. This deficient performance deprived me of informed decision-making and a fair opportunity to obtain a more favorable outcome.

**SUPPORTING FACTS**

-I repeatedly asked Claise Daniels whether i needed to show proof of where i acquired the property seized at my residence.

-Counsel never explained what a proffer is, the potential benefits and risks of cooperating, or how a proffer could affect charging decisions, plea negotiations, or sentencing (including the possibility of a government motion for a reduction).

-At my change of plea hearing in December 2024 , with substitute counsel Megha Desai, I learned for the first time the government was interested in information that would lead to recovering more of the property that was seized from my residence.

-At multiple times during the course of the previous 16 months i had asked counsel, Claise Daniels, if i needed to provide any information as to where i had purchased the stolen books and Claise said "the government does not care about anything other than the guns." I asked the same thing multiple times and received that same answer each time.

-Counsels statements minimized the importance of cooperation and withheld the prosecutors communication about my non-proffering status, preventing me from making an informed, strategic choice.

-Megha Desai, at my change of plea hearing informed me of the governments position showing me the e-mail from Leah Boldsted. (See Exhibit D for E-mail)

**PREJUDICE**

-Had Counsel properly advised me about cooperation and timely perused a proffer, I would have truthfully cooperated. There is a reasonable probability the government would have considered my information and i would have received a more favorable plea, (including the first plea offer of 51months), or otherwise negotiated better terms.

-Counsels failure to communicate the governments position or my position to the government and to advise about cooperation undermined the plea-bargaining process. But for these errors, there is a reasonable probability of a

## CERTIFICATE OF SERVICE

I Joshua B. Munsey hereby certify that a copy of the foregoing 2255 Ineffective assistance of councel motion was sent to the address setforth below with first class pre-paid postage and placed in FCI Sheridan's inmate mailbox on this day of 3rd March, 2026.

Clerk of Court
U.S. District court, District of Oregon
1000 SW Third Avenue, Suite 740
Portland, OR 97204

## DECLARATION

I declare that the foregoing motion and attached exhibits are true and correct to the best of my knowledge and are made under penalty of perjury pursuant to 28 U.S.C. §1746 on this day of 3rd March, 2026.

/s/ Josh Munsey